**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BRENDA CARLSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STANFORD UNIVERSITY, and DOE 1 through DOE 10,<br><br>　　　　Defendants. | Case No. 5:13-cv-04738-PSG<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**<br><br>**(Re: Docket Nos. 7, 13)** |

The court has before it two motions that raise the same two questions: (1) is Brenda Carlsen's loss of consortium claim preempted by Section 301 of the Labor Management Relations Management Act and (2) has the first question already been answered by a court of competent jurisdiction? Because the court finds that the answer to both questions is yes, Carlsen's motion for remand is DENIED and Stanford's motion to dismiss is GRANTED.

## I. BACKGROUND

In October of 2012, Carlsen's husband Dan Gazzano sued his former employer, Stanford University, and his former union, Local 2007 of the Service Employees International

1

Case No. 5:13-cv-04738-PSG
ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS

Union. On March 11, 2013, Carlsen attempted to join Gazzano's suit by bringing a claim nearly identical to what she claims here.[1] On May 31, 2013, the court held that the merits of Gazzano's injury claim relied on the breach of a collective bargaining agreement.[2] Accordingly, both Gazzano's claims and Carlsen's loss of consortium claim based on it were preempted by Section 301 of the LMRA and therefore dismissed.[3] Carlsen's loss of consortium claim was dismissed without leave to amend.[4]

Gazzano then filed an amended complaint, but the court recently granted summary judgment in favor of Defendants.[5] The court again held that Gazzano's claims for wrongful termination and breach of contract were preempted under Section 301, and that his claims for breach of the duty of fair representation, disability discrimination, and failure to prevent discrimination failed as a matter of law.

In the meantime, Carlsen filed the instant action in state court, omitting any reference to the union or the collective bargaining agreement.[6] Stanford removed the case to this court under the artful pleading doctrine and moved to dismiss the complaint on the basis of claim and issue preclusion.[7] Carlsen followed up with a motion to remand back to state court, arguing that because it does not touch the collective bargaining agreement, her claim could not have been brought in federal court, making removal inappropriate.[8]

---

[1] *See* Case No. 5:12-cv-5742, Docket No. 27.

[2] *See* Case No. 5:12-cv-5742, Docket No. 40 at 8-9.

[3] *See id.*

[4] *See id.*

[5] *See* Case No. 5:12-cv-5742, Docket No. 108 at 10-11.

[6] *See* Docket No. 1-1.

[7] *See* Docket Nos. 1, 7.

[8] *See* Docket No. 13.

2
Case No. 5:13-cv-04738-PSG
ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS

## II. LEGAL STANDARDS

### A. Motion to Remand

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending."[9] In the absence of diversity jurisdiction, in order to be removed, a case therefore must meet the requirements for federal question jurisdiction. Federal question jurisdiction requires that a federal issue appear on the face of the well-pleaded complaint; a defense grounded in federal law does not suffice.[10] The only relevant exception to this rule arises when the regulatory effect of a federal law is so broad as to completely preempt any related state law causes of action.[11]

Upon a motion to remand to state court, the party asserting federal jurisdiction has the burden of proof. "The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."[12] "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."[13] Even if the district court has jurisdiction over a civil action, the court may choose to remand such a claim "on any equitable ground," which is a broad grant of authority and discretion.[14]

---

[9] 28 U.S.C. § 1441(a).

[10] *See Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914); *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).

[11] *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987).

[12] *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988) (citations omitted).

[13] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

[14] 28 U.S.C. § 1452(b); *In re The Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (Bankr.S.D.Cal.2007).

### B. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[15] When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[16] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[18] Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[19]

### III.   DISCUSSION

Given that this court only has the authority to dismiss a claim over which it properly has jurisdiction, it turns first to the motion for remand. Stanford initially proffered five grounds for removal: (1) the case is barred by the doctrine of *res judicata*, (2) the action could have been brought in federal court to begin with, (3) the state law rights created by a collective bargaining agreement (from which this claim arises) are preempted by Section 301, (4) the artful pleading doctrine prohibits a plaintiff from omitting allegations based on federal law when those allegations are essential to her claim and (5) state law rights created by collective bargaining agreements are preempted by federal law.  These five, ostensibly independent, grounds for removal, however,

---

[15] Fed. R. Civ. P. 8(a)(2).

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[18] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[19] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

provide just two justifications for removal: in violation of the artful pleading doctrine, Carlsen improperly omitted essential references to a collective bargaining agreement in her complaint, and because claims based on a CBA are preempted by federal law (as this court has already determined Carlsen's are), removal was proper.

Because Carlsen's complaint does not raise a federal question on its face, the only way into federal court without diversity jurisdiction is through the artful pleading doctrine. The artful pleading doctrine prevents a plaintiff from "defeat[ing] removal by masking or 'artfully pleading' a federal claim as a state claim. [I]n many contexts plaintiff's claim may be one that is exclusively governed by federal law, so that the plaintiff necessarily is stating a federal cause of action, whether he chooses to articulate it that way or not. If the only remedy available to plaintiff is federal, because of preemption or otherwise . . . the case is removable regardless of what is in the pleading."[20]

In *Sullivan v. First Affiliated Sec.*, the Ninth Circuit instructs that "[a] traditional example of the artful pleading doctrine is one in which the defendant has a federal preemption defense to a state claim and federal law provides a remedy. In that case, the defendant can remove the purported state claim."[21] The Ninth Circuit goes on to clarify that defendants also may use this doctrine to remove cases to federal court that stem from the same facts and raise substantially the same claims as those adjudicated in a prior federal matter.[22] Even though state courts are generally competent to apply federal res judicata, making removal unnecessary, a "purported state claim based on those facts would be in effect the same federal claim against which the judgment had been entered. The removing court could thus recharacterize the state claim as an artfully pleaded

---

[20] *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987)

[21] *Id.*

[22] *Id.* at 1375.

federal claim filed to circumvent the res judicata effect of the federal judgment," and allow removal on those grounds.[23]

This case fits precisely within *Sullivan*'s parameters. As described above, Carlsen first attempted to seek relief from Stanford by joining her husband's federal suit. The court found that her loss of consortium claim, like her husband's underlying claims, was preempted by Section 301 and dismissed it with prejudice and without leave to amend.[24] Carlsen nonetheless refiled her claim in state court while pointedly avoiding any mention of the collective bargaining agreement. Stanford wants to raise both preemption and res judicata as defenses to this claim, and thus removed to federal court. Carlsen's only argument against removing this case under the artful pleading doctrine is that no final judgment has yet been entered in her husband's case.[25] That is simply no longer true. On February 27, 2014, the court granted summary judgment for Stanford and the union in Carlsen's husband's case, finding that all of Gazzano's claims were preempted by Section 301 except his disability discrimination claims, and those claims failed as a matter of law.[26] Final judgment was entered and the civil case was terminated on February 28, 2014.[27] Because this judgment vitiates Carlsen's only asserted defense to removal under the artful pleading doctrine, and because the case fits squarely within the circumstances outlined in *Sullivan*, the instant case has been properly removed to federal court.

Turning next to Stanford's motion to dismiss, the court finds that the case is indeed ruled by the principles of *res judicata*. The court was unequivocal in its dismissal of Carlsen's loss of consortium claim in her husband's case and went so far as to deny leave to amend because "any

---

[23] *Id.*

[24] *See* Case No. 5:12-cv-5742, Docket No. 40 at 8-9.

[25] *See* Docket No. 13 at 4.

[26] *See* Case No. 5:12-cv-5742, Docket No. 108.

[27] *See* Case No. 5:12-cv-5742, Docket No. 109.

amendment would be futile," and the instant case involves the same parties and the same set of issues stemming from the same facts as the claim it the prior case.  Carlsen attempts to argue that her claim stems from Gazzano's whistleblower claim, which is not preempted by federal law, meaning that her derivative claim cannot be preempted by federal law.[28]  However, in its final form, Gazzano's whistleblower claim turned on his CBA-based right to progressive discipline in lieu of termination, and the court found it preempted on those grounds.[29]  This attempt to differentiate this claim from her prior claims is therefore unsuccessful, and this court's prior decision bars further reconsideration of her claims.

Even if the claim were not barred by *res judicata*, under California law, a spouse may not bring a loss of consortium claim where there has been a judgment for the defendants in the directly injured spouse's suit.[30]  Defendant's motion to dismiss therefore is GRANTED in its entirety.  Because the claim fails on legal principles rather on deficient allegations, any amendment to the pleadings would be futile, and Carlsen may not amend her complaint.

**IT IS SO ORDERED.**

Dated: March 4, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[28] *See* Docket No. 18 at 2.

[29] *See* Case No. 5:12-cv-5742, Docket No. 108 at 10-11.

[30] *See Meighan v. Shore*, 34 Cal. App. 4th 1025, 1034-39 (1995).